IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LARRY D. WILKINS,

                Petitioner,

      v.                                    CASE NO. 05-3121-SAC

DAVID R. McKUNE,

                Respondent.

**O R D E R**

By an order entered on March 30, 2005, the court granted petitioner thirty days to show cause why this matter should not be dismissed due to his failure to file this habeas corpus action within the one-year limitation period. Petitioner filed a response. Having examined the record, the court enters the following findings and order.

**Background**

Petitioner was convicted in October 1997 in the District Court of Wyandotte County, Kansas, of first degree murder. The conviction was affirmed on direct appeal on April 21, 2000. Petitioner's conviction became final for purposes of habeas corpus review ninety days later, and the one-year limitation period began to run.

Although petitioner sought assistance from the Paul E. Wilson

Defender Project, he did not commence an action pursuant to K.S.A. 60-1507 until July 18, 2002. Relief was denied, and that decision was affirmed by the Kansas Court of Appeals in February 2004. The Kansas Supreme Court denied a petition for review on May 25, 2004. Petitioner filed a second action pursuant to K.S.A. 60-1507 on August 5, 2004, which remains pending.

Petitioner executed the petition for habeas corpus on March 2, 2005.

## Discussion

This action is subject to the Antiterrorism and Effective Death Penalty Act (AEDPA). Under the AEDPA, a prisoner has a one-year limitation period from the time a conviction becomes final to pursue federal habeas corpus relief. 28 U.S.C. 2244(d). The limitation period is tolled while a properly-filed application for state post-conviction relief is pending. 28 U.S.C. 2244(d)(2). Because it appears the petitioner did not pursue post-conviction relief until he filed his first action pursuant to K.S.A. 60-1507 approximately two years after his conviction became final, there is no statutory tolling. See May v. Workman, 339 F.3d 1236, 1237 (10th Cir. 2003)(citing 28 U.S.C. 2244(d)(2)).

The one-year limitation period also is subject to equitable tolling in "rare and exceptional circumstances." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000)(quotation omitted).

2

Equitable tolling may be appropriate upon a showing of actual innocence. Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). Likewise, such tolling may be available where the petitioner "diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000), cert. denied, 531 U.S. 1194 (2001).

Petitioner contends that the failure to consider his claims would result in a fundamental miscarriage of justice. He asserts that his failure to file the first action under K.S.A. 60-1507 was due to the fact that his legal materials were being reviewed by the Paul E. Wilson Defender Project. He also states that a prosecution witness has recanted his trial testimony against the petitioner and has provided an affidavit that his testimony was coerced.

The court has examined the record and finds no basis to grant equitable tolling in this matter. First, the materials submitted by the petitioner reflect that the Defender Project sent petitioner correspondence dated April 9, 2001, outlining his grounds for relief and explaining why the Defender Project declined to present those claims on his behalf. The letter advised petitioner that his deadline for filing for relief was April 20, 2001, and included the suggestion that he use the appellate brief for guidance if he elected to proceed pro se.

3

The letter includes a list of documents being returned to the plaintiff, including portions of transcripts and appellate briefs. However, despite the clear notice concerning the deadline for filing, petitioner did not file in the state courts until July 2002, more than one year after the federal deadline passed.

Finally, petitioner asserts that he is entitled to relief on a claim that a trial witness testified falsely at trial because he was coerced by police and by the District Attorney. In support, he submits a notarized statement provided by the witness, Michael Griffin. (Doc. 4, Attach. A.)

In order to obtain relief on this claim, petitioner must establish that the prosecution knowingly presented false testimony. See Smith v. Roberts, 115 F.3d 818, 820 n. 2 (10th Cir. 1997); Medina v. Barnes, 71 F.3d 363, 367 (10th Cir. 1995).

Petitioner is pursuing relief on this claim in the state courts, but he has not yet exhausted state court remedies. He seeks a stay of this action to allow him to exhaust state court remedies.

The United States Supreme Court has determined that the federal courts have the discretion to stay a habeas corpus action involving mixed petitions-those that contain both exhausted and unexhausted claims-in order to preserve review of a timely-filed action for habeas corpus. Rhines v. Weber, ___ U.S. ___, 125

S.Ct. 1528 (2005).  The Court cautioned, however, that this approach should be used only if the petitioner has "good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner has engaged in intentionally dilatory litigation tactics."  Id. at 1535.

Having examined the record, the court declines to stay this matter.  First, this action was not filed within the statutory filing period. Even though petitioner was notified in April 2001 of the deadline for filing, he failed to commence an action pursuant to K.S.A. 60-1507 for over one year, and he did not execute the federal petition until March 2005, nearly four years later.

Next, the Defender Project declined to pursue the claim concerning an alleged deal between the witness and the prosecution for lack of evidence.  More than two years later, the petitioner obtained an affidavit from the witness, a friend who was present when the crime occurred.  The affidavit prepared by the witness offers only the bare statements that his statements and testimony against the petitioner are false and were offered after the District Attorney advised him that he would not be charged with murder if he testified against the petitioner. There is no explanation why this statement could not be obtained until approximately six years after petitioner's conviction.  The

5

court is not persuaded that petitioner has diligently pursued his claims for relief.

Having considered the record, the court finds no compelling basis to stay this matter.

IT IS THEREFORE ORDERED this matter is dismissed.

IT IS FURTHER ORDERED petitioner's motion to stay (Doc. 3) is denied.

A copy of this order shall be transmitted to the petitioner.

**IT IS SO ORDERED.**

DATED: This 4th day of November, 2005, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge